# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 454 LIFE SCIENCES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 15-595 (LPS) (CJB) |
| ) | |
| ION TORRENT SYSTEMS, INC., ) | |
| LIFE TECHNOLOGIES CORPORATION, and ) | |
| THERMO FISHER SCIENTIFIC INC., ) | |
| ) | |
| Defendants. ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY

Pursuant to Federal Rule of Civil Procedure 26(c), the parties to this lawsuit have stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by, this Protective Order on Confidentiality (the "Protective Order").

This Protective Order shall govern disclosures, production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, testimony at hearings or trial, pleadings, exhibits, and other information exchanged by the parties, produced by third parties, or filed with the Court in this action (collectively, "Exchanged Information").

In support of this Order, the Court finds that:

## DISCLOSURE OF CONFIDENTIAL INFORMATION

1. Any party or non-party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any Exchanged Information that contains trade secrets, or confidential research, development, marketing, customer, financial, or other information protectable under Federal Rule of Civil Procedure 26(c)(1)(G) (collectively "Confidential Information").

2. Confidential Information of the disclosing party shall be used by receiving parties

solely for purposes of this action

<u>Plaintiff</u>: , except that Confidential Information may be used or submitted in Inter Partes Review proceedings that (a) concern any of the patents in suit, and (b) are initiated by any of the Defendants or their affiliates, such Confidential Information to be submitted under seal or with other suitable precautions calculated to maintain confidentiality.

<u>Defendant</u>: [no use permitted in Inter Partes Review proceedings].

3.  Confidential Information may be disclosed only to the following persons solely for use as prescribed in Paragraph 2 under the conditions set forth in this Protective Order:

(a) Information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY":

(1) outside counsel of record in this action, including all attorneys, paralegals, law students, stenographic and clerical employees working under the supervision of such counsel, as well as court reporters, interpreters, translators, copy services, litigation support (including document imaging), and database/coding services retained by counsel, provided that Confidential Information may not be disclosed to outside counsel who, during the pendency of this action, and for a period of one (1) year from the termination of this action, manage or participate in the preparation or prosecution of any patent application before the U.S. Patent and Trademark Office or any corresponding foreign patent authority

<u>Plaintiff</u>: with claims directed to bead emulsion amplification (e.g. emulsion PCR) or detection or sequencing of nucleic acids amplified by bead emulsion amplification

<u>Defendants</u>: that involves subject matter related to nucleic acid detection or sequencing, including library preparation, template preparation, sequencing and sequence analysis and reporting.

Outside counsel who receive or review Confidential Information may participate in post-grant proceedings (including *inter partes review* proceedings, post-grant review, covered business method review, or *ex parte* reexamination) before the PTAB, or corresponding proceedings before any foreign authority

Plaintiffs: [No additional restriction]

Defendants: , with the exception that Outside Counsel who receives or reviews HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall not participate in the drafting or amendment of claims concerning any patent that involves subject matter related to nucleic acid detection or sequencing, including library preparation, template preparation, sequencing, and sequence analysis and reporting, nor use Confidential Information, or information ascertainable from such Confidential Information in such post-grant proceedings.

(2)   any expert or consultant, not an employee of a party, who is retained to assist in this action, and clerical employees of such experts, with disclosure only to the extent necessary to perform such work;

(3)   the Court, under seal or with other suitable precautions calculated to maintain confidentiality;

(4)   court reporters present in their official capacity at a hearing, deposition, or other proceeding in this action; [and]

(5)   graphics or design consultants retained to prepare demonstratives or other exhibits for use in this action; [and]

Defendants: (6) for each party, up to two in-house attorneys, and their secretarial, clerical, paralegal and other supporting personnel, who are neither currently involved in, nor will be involved in for a period of three (3) years from the termination of this action (including any appeals), competitive decision making (as defined in *US. Steel Corp. v. United*

3

*States,* 730 F.2d 1465 (Fed. Cir. 1984)), nor the prosecution nor acquisition (other than through settlement of litigation) of domestic or foreign patents or applications with claims directed to nucleic acid detection or sequencing, including library preparation, template preparation, sequencing and sequence analysis and reporting. Each such in-house attorney shall be designated in writing to all other parties in advance of receipt of any Confidential Information along with a current curriculum vitae and a description of the individual's responsibilities with the party. Each other party may, within seven (7) business days object to the designation in writing, specifying the reasons for the objection. The parties agree to discuss the objection in good faith; but if the objection is not resolved, the designating party may apply to the Court for a determination of eligibility.

Plaintiffs: [no in-house attorneys should have access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information; if such access is permitted, the competitive decision-making and patent prosecution bar should be defined as set forth in Plaintiff's proposal for paragraph 3 (b)(2) below]

      (b)    Information designated as "CONFIDENTIAL":

      (1)    those persons described in paragraph 3(a), who are entitled to receive information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and;

      (2)    for each side, up to three in-house attorneys employed by a party or its affiliate,

Plaintiff: who are neither currently involved, nor will be involved for a period of one (1) year from the termination of this action (including any appeals), in (a) decisions about pricing, or product design or development concerning bead emulsion amplification or detection or sequencing of nucleic acids amplified by bead emulsion amplification, nor (b) the acquisition

4

(other than through settlement of litigation) or the preparation of prosecution of domestic or foreign patents or applications with claims directed to bead emulsion amplification or detection or sequencing of nucleic acids amplified by bead emulsion amplification.  In-house attorneys who receive or review Confidential Information may participate in post-grant proceedings (including *inter partes review* proceedings, post-grant review, covered business method review, or *ex parte* reexamination) before the PTAB, or corresponding proceedings before any foreign authority.  Each such in-house attorney shall be designated in writing to all other parties at least seven (7) business days in advance of receipt of any Confidential Information along with a current curriculum vitae and a description of the individual's responsibilities with the party. Each other side may, within seven (7) business days object to the designation in writing, specifying the reasons for the objection. The parties agree to discuss the objection in good faith; but if the objection is not resolved, the designating party may apply to the Court for a determination of eligibility;

      Defendants:  with responsibilities for managing this litigation, and their secretarial, clerical, paralegal and other supporting personnel, which total includes any attorneys designated by that side under 3(a)(6) above.

      4.      Prior to the disclosure of any Confidential Information to those persons described in paragraph 3(a)(2) and 3(b)(2), each of those persons must read this Protective Order and sign the Declaration (Attachment A hereto).  A copy of such signed Declaration must be retained by outside counsel for the party disclosing the Confidential Information under the terms of this Protective Order until the termination of this action (including any appeals).

## DEFINITION OF CONFIDENTIAL INFORMATION

      5.      Criteria for Classification:

            (a)     a party or non-party may designate Confidential Information as

"CONFIDENTIAL" if the party or non-party reasonably believes that the information contains or discloses non-public technical or commercial information, or contains or discloses information protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy;

      (b)    a party or non-party may designate Confidential Information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if such information (i) satisfies the criteria for designation as CONFIDENTIAL, under paragraph 5(a) above, and (ii) discloses commercially sensitive information relating to: research, manufacturing, processing, products in development, trade secrets, pricing, sales, revenues, forecasts, customers, or future plans, strategies or programs.

## EXPERTS

      6.    The name, address, occupation, curriculum vitae, and signed Declaration (Attachment A hereto) of any person proposed to be designated pursuant to Paragraph 3(a)(2) shall be provided to all attorneys of record for the other parties at least ten (10) days in advance of any disclosure of Confidential Information to the proposed designee.  Unless counsel for the party that produced the Confidential Information notifies the proposing attorney in writing of an objection to the proposed designee within ten (10) days of receipt of notification, such designee shall be deemed qualified to receive Confidential Information.  In the event of an objection, the parties shall first informally try to resolve the objection in good faith. If the objection cannot be resolved, the party challenging the proposed designee may request appropriate relief from the Court.  Failure of the objecting party to seek such relief from the Court within ten (10) days after notifying the proposing attorney of its objection shall be deemed a waiver of the objection.  The burden of proving that the designated person should not be designated is on the objecting party. Filing of a motion objecting to disclosure of Confidential Information to the proposed designee

within ten (10) days after notifying the proposing attorney of an objection precludes disclosure of the information until the Court rules on the motion or the issue is resolved by the parties.

## **DESIGNATION AND USE OF CONFIDENTIAL INFORMATION**

7. Persons receiving Confidential Information are prohibited from disclosing it, or any information derived therefrom, to any person except in conformance with this Protective Order.

8. A person who signs Attachment A hereto agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

9. The recipient of any Confidential Information that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care, but no less than a reasonable degree of care, with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

10. Parties shall designate Confidential Information as follows:

(a) In the case of produced documents, designation shall be made by placing the following legends on each page of such document prior to production; "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." For pleadings and discovery responses, such marking need only appear on the first page of the document. Any Confidential Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by a party by serving a written notification on the receiving party within a reasonable amount of time after disclosure.

(b) To the extent that a party initially produces documents for inspection (i.e., prior to making copies), no marking need be made by the producing party in advance of the

inspection. For purposes of the inspection, all documents shall be treated as containing Highly Confidential – Attorneys' Eyes Only Information. After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are produced to the receiving party.

(c) In the case of depositions, designation of the portion of the final deposition transcript (including exhibits) which contains Confidential Information shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party to whose Confidential Information the deponent has had access. Such designation shall be provided to opposing counsel within thirty (30) days after counsel's receipt of the final deposition transcript, unless the deposition takes place 28 days or fewer before a major scheduled event in this action, such as claim construction briefing, summary judgment briefing, or trial, in which case such designation shall be provided to opposing counsel within ten (10) days after counsel's receipt of the final deposition transcript. Unless otherwise agreed by the parties in writing or on the record at the deposition, all deposition transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from the date of the deposition until the end of the applicable period for designation.

(d) Confidential Information must be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

11. A party shall not be obligated to challenge the propriety of any Confidential Information designation at the time made, and failure to do so shall not preclude a subsequent challenge. In the event that any party to this action disagrees at any stage of the proceedings with a confidentiality designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to informally resolve such

8

dispute in good faith. If the dispute cannot be resolved within ten (10) days of the written notice, the party challenging the designation may request appropriate relief from the Court in accordance with the procedures set forth in Paragraph 8(g) of the Court's February 17, 2016 Scheduling Order. The burden of proving that information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is on the party making such designation. Notwithstanding any dispute as to the confidentiality of information, such information shall nevertheless be treated as Confidential Information in the category designated in accordance with the provisions of this Protective Order unless and until such designation is removed by order of the Court or by written consent of the designating party.

## INADVERTENT DISCLOSURES

12. Inadvertent disclosures by the producing party of Confidential Information, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that the producing party shall promptly upon discovery of the inadvertent disclosure notify the receiving party in writing that the information is Confidential Information and was inadvertently disclosed. Such notification shall constitute a designation of the information as Confidential Information. Upon such notification, counsel shall reasonably cooperate to restore the confidentiality of the Confidential Information to the extent possible.

13. Should any Confidential Information be disclosed, through inadvertence or otherwise, by a receiving party to any person not duly authorized to receive such information under this Protective Order, the receiving party responsible for such disclosure shall promptly notify opposing counsel of all pertinent facts and make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Information from the

unauthorized recipient(s) thereof and requesting that each such recipient execute the attached declaration (Attachment A). Such individuals shall not be subject to the restrictions placed on prosecution described in 3(a)(1) or 3(a)(2) solely as a result of such unauthorized disclosure.

      14.    Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502(b), and this Protective Order shall constitute an Order pursuant to Federal Rule of Evidence 502(d) provided the procedures specified herein are followed, in which case the inadvertent disclosure of material protected by the attorney-client privilege or the work product doctrine shall not constitute a waiver of applicable privilege in this case or in any other Federal or State proceeding.

      (a)    Within seven (7) days of discovering that information produced in discovery should have been withheld on the basis of privilege or immunity, the Producing Party shall notify the Receiving Party, identifying the documents or information in question in a privilege log or other description that lists the privilege or immunity invoked and discloses the basis therefor. The notification will provide information required under Federal Rule of Civil Procedure 26(b)(5)(A) to justify the claim of privilege. Upon receiving such notice, the Receiving Party shall

    Plaintiff:  promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified,

    Defendants:  immediately return or destroy any and all copies of such inadvertently produced document(s), including any and all copies distributed to others (e.g., experts, consultants, vendors), and shall destroy any notes or memoranda that disclose or discuss the contents of such documents.

The Producing Party must preserve any inadvertently produced document(s) until all disputes regarding the discoverability of the document(s) have been resolved.

   (b) If the Receiving Party believes it has a good-faith basis for challenging the privilege claim, Outside Counsel for the Receiving Party shall provide to Outside Counsel for the Producing Party, within seven (7) days after receipt of the Producing Party's request for return and privilege log, a written explanation of the good-faith basis for its belief that the inadvertently produced materials or documents are not privileged.

   (c) Outside Counsel for the Producing Party shall respond in writing to the timely challenge to the privilege or immunity claim by Outside Counsel for the Receiving Party within seven (7) days from receipt of the challenge.

   (d) In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced materials or documents, the Receiving Party has fourteen (14) days from receipt of the Producing Party's written response to the privilege challenge (or such other time as may be agreed between the Parties) to seek a determination by the Court of the claim of privilege or immunity and may present the information to the Court under seal for a determination of the claim. In the event that the challenge to a claim of privilege comes before the Court, the Producing Party shall have the burden of proving that the produced materials or documents are privileged and were inadvertently produced.

 Plaintiffs:  If the Receiving Party has sequestered any notes or memoranda pursuant to this provision, then the Receiving Party shall destroy all sequestered notes or memoranda within five days of a court order determining that the inadvertently produced material is privileged or the parties agreeing that the inadvertently produced material is privileged.

11

## USE OF CONFIDENTIAL INFORMATION IN COURT FILINGS AND FORMAL PROCEEDINGS

15. In the event that any Confidential Information is used in any Court proceeding in connection with this action, the parties shall take all steps reasonably required to protect its confidentiality during such use.

16. The protections afforded to Confidential Information at trial will be determined by the Court upon an application by any party.

17. Attendance at depositions at which Confidential Information is to be used shall be governed by D. Del. L.R. 30.3.

## MISCELLANEOUS

18. <u>Other Proceedings</u>.  By entering this Order and limiting the disclosure of certain information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19. The restrictions provided for herein shall not terminate upon the conclusion of this action but shall continue until further order of this Court, provided that this Protective Order shall not be construed to: (a) prevent any party or its counsel from making use of information that was lawfully in its possession prior to its disclosure by the producing party; (b) apply to information that appears in issued patents or printed publications or otherwise becomes publicly known without fault of any party; or (c) apply to information that any party or its counsel has, since disclosure by the producing party, lawfully obtained from a third party having the right to

disclose such information.

20. Nothing in this Protective Order shall preclude any party to this action or their attorneys from: (a) showing a document designated as Confidential Information to an individual who either prepared or reviewed the document prior to the filing of this action; or (b) disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as Confidential Information. Confidential Information may be disclosed to a witness at a deposition if: (a) the witness is an officer, director, or employee of the party that produced such Confidential Information; (b) the witness was formerly an officer, director, or employee of the party that produced such Confidential Information, and the information existed during the period of his or her employment; or (c) the witness is an expert designated under paragraph 3(a)(3).

21. Nothing in this Protective Order shall bar or otherwise restrict any counsel from providing legal advice to his or her client solely with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Information, provided that, in providing such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Confidential Information or information derived therefrom to any person not entitled to have access to it.

22. Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

23. In the event that a party seeks discovery from a non-party to this litigation, the non-party may invoke the terms of this Protective Order by advising all parties to this litigation in writing.

24. Within ninety (90) days of the termination of this action (including any appeals),

all Confidential Information, all documents describing or summarizing any Confidential Information, and all copies thereof (including without limitation electronic records of documents or information, document coding databases, and other database information), shall, at the election of the receiving party, be returned to the party that produced the same or destroyed. If a receiving party elects to destroy Confidential Information and all copies and summaries thereof, the party shall certify in writing that destruction has taken place within the ninety (90) day time period. Notwithstanding the foregoing, outside counsel may retain an archival copy of any materials filed with the Court, correspondence, deposition transcripts, and/or attorney work product which contains Confidential Information. Such archival documents shall be retained and treated in accordance with this Protective Order.

25. This Protective Order is without prejudice to the right of any party, to seek relief from the Court from any of its provisions, or to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of Confidential Information.

26. This Protective Order may be amended as need may arise by written agreement of the parties, subject to court approval.

SO STIPULATED:
Dated: June___, 2016

| POTTER ANDERSON & CORROON LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|---|---|
| /s/ | /s/ |
| David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Stephanie E. O'Byrne (#4446)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE  19801<br>(302) 984-6000<br>dmoore@potteranderson.com | Jack B. Blumenfeld (#1014)<br>Karen Jacobs (#2881)<br>Michael J. Flynn (#5333)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com |

| | |
|---|---|
| bpalapura@potteranderson.com<br>sobyrne@potteranderson.com | kjacobs@mnat.com<br>mflynn@mnat.com |
| *Attorneys for Plaintiff*<br>*454 Life Sciences Corporation* | *Attorneys for Defendants*<br>*Ion Torrent Systems, Inc., Life Technologies*<br>*Corporation and Thermo Fisher Scientific Inc.* |

IT IS SO ORDERED, this _____ day of _____, 2016.

_____

15

## ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 454 LIFE SCIENCES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 15-595 (LPS) (CJB) |
| ) | |
| ION TORRENT SYSTEMS, INC., ) | |
| LIFE TECHNOLOGIES CORPORATION, and ) | |
| THERMO FISHER SCIENTIFIC INC., ) | |
| ) | |
| Defendants. ) | |

## **DECLARATION REGARDING PROTECTIVE ORDER ON CONFIDENTIALITY**

In consideration of the disclosure to me of certain information which is subject to the Protective Order on Confidentiality of this Court (the "Protective Order"), I declare and state under penalty of perjury as follows:

1. I have read the Protective Order and I agree to be bound by its terms and to comply with all of its provisions.

2. I understand that if I violate the terms of the Protective Order, I will be in violation of a court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

3. I agree to submit myself to the personal jurisdiction of this Court in connection with any proceeding concerning the Protective Order.

Dated: _____, 20__

By: _____
Name: _____
Address: _____
_____
_____